UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JULIO GARCIA,

  Plaintiff,

CASE NO.:

-VS-

JP MORGAN CHASE BANK, NATIONAL ASSOCIATION,

  Defendant.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW Plaintiff, Julio Garcia, by and through the undersigned counsel, and sues Defendant, JP MORGAN CHASE BANK, NATIONAL ASSOCIATION (hereinafter "Chase"), and in support thereof respectfully alleges violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq. ("TCPA") and the Florida Consumer Collection Practices Act, Fla. Stat. § 559.55 et seq. ("FCCPA").

## INTRODUCTION

1. The TCPA was enacted to prevent companies like Chase from invading American citizen's privacy and prevent abusive "robo-calls."

2. "The TCPA is designed to protect individual consumers from receiving intrusive and unwanted telephone calls." *Mims v. Arrow Fin. Servs., LLC*, -US--, 132 S.Ct., 740, 745, 181, L.Ed. 2d 881 (2012).

3. "Senator Hollings, the TCPA's sponsor, described these calls as 'the *1256 scourge of modern civilization, they wake us up in the morning; they interrupt our

1

dinner at night; they force the sick and elderly out of bed; they hound us until we want to rip the telephone out of the wall.'" 137 Cong. Rec. 30, 821 (1991). Senator Hollings presumably intended to give telephone subscribers another option: telling the autodialers to simply stop calling." *Osorio v. State Farm Bank, F.S.B.*, 746 F. 3d 1242 (11th Cir. 2014).

4. According to the Federal Communications Commission (FCC), "Unwanted calls and texts are the number one complaint to the FCC. There are thousands of complaints to the FCC every month on both telemarketing and robocalls. The FCC received more than 215,000 TCPA complaints in 2014." *Fact Sheet: Wheeler Proposal to Protect and Empower Consumers Against Unwanted Robocalls, Texts to Wireless Phones*, Federal Communications Commission, (May 27, 2015), http://transition.fcc.gov/Daily_Releases/Daily_Business/2015/db0527/DOC-333676A1.pdf.

## JURISDICTION AND VENUE

5. This is an action for damages exceeding Seventy-Five Thousand Dollars ($75,000.00) exclusive of attorney fees and costs.

6. Jurisdiction and venue for purposes of this action are appropriate and conferred by 28 U.S.C. § 1331, Federal Question Jurisdiction, as this action involves violations of the TCPA.

7. Subject matter jurisdiction, federal question jurisdiction, for purposes of this action is appropriate and conferred by 28 U.S.C. § 1331, which provides that the district courts shall have original jurisdiction of all civil actions arising under the

Constitution, laws, or treaties of the United States; and this action involves violations of 47 U.S.C. § 227(b)(1)(A)(iii). See *Mims v. Arrow Fin. Servs., LLC*, S.Ct. 740, 748 (2012) and *Osorio v. State Farm Bank, F.S.B.*, 746 F.3d 1242, 1249 (11th Cir. 2014)

8. The alleged violations described herein occurred in Hernando County, Florida. Accordingly, venue is appropriate with this Court under 28 U.S.C. §1391(b)(2) as it is the judicial district in which a substantial part of the events or omissions giving rise to this action occurred.

## FACTUAL ALLEGATIONS

9. Plaintiff is a natural person, and citizen of the State of Florida, residing in Hernando County, Florida

10. Plaintiff is a "consumer" as defined in Florida Statute § 559.55(8).

11. Plaintiff is an "alleged debtor."

12. Plaintiff is the "called party." See *Breslow v. Wells Fargo Bank, N.A.*, 755 F. 3d 1265 (11th Cir. 2014) and *Osorio v. State Farm Bank, F.S.B.*, 746 F.3d 1242 (11th Cir. 2014).

13. Defendant, Chase, is a corporation with its principal place of business located at 270 Park Avenue, New York, NY 10017 and which conducts business in the State of Florida.

14. The debt that is the subject matter of this Complaint is a "consumer debt" as defined by Florida Statute §559.55(6).

15. Chase is a "creditor" as defined in Florida Statute §559.55(5).

16. Chase called Plaintiff on Plaintiff's cellular telephone approximately two hundred (200) times in an attempt to collect a debt.

17. Chase attempted to collect an alleged debt from Plaintiff by this campaign of telephone calls.

18. Upon information and belief, some or all of the calls the Defendant made to Plaintiff's cellular telephone number were made using an "automatic telephone dialing system" which has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator (including but not limited to a predictive dialer) or an artificial or prerecorded voice; and to dial such numbers as specified by 47 U.S.C § 227(a)(1) (hereinafter "autodialer calls"). Plaintiff will testify that he knew it was an autodialer because of the vast number of calls he received and because he received prerecorded messages from Chase.

19. Plaintiff is the subscriber, regular user and carrier of the cellular telephone number (727) ***-7997, and was the called party and recipient of Defendant's calls.

20. Chase placed an exorbitant number of automated calls to Plaintiff's cellular telephone (727) ***-7997 in an attempt to collect on an auto loan.

21. On several occasions since September 2018, Plaintiff has instructed Chase's agent(s) to stop calling his cellular telephone.

22. On or about September 30, 2018, Plaintiff mailed a letter to Defendant which instructed Defendant to cease calling.

23. On or about October 29, 2018, Plaintiff mailed a second letter to Defendant which instructed Defendant to cease calling him and instead to communicate via mail.

24. On or about October 30, 2018, Plaintiff received a call from Chase. Plaintiff held on the line until an agent answered and Plaintiff instructed said agent that he did not want Chase to call him anymore.

25. Despite repeatedly informing Chase via written letter on two (2) occasions and verbally on at least one (1) occasion, Chase chose to continue placing automated messages to Plaintiff's cellular telephone.

26. Due to the volume of automated calls Plaintiff received from Chase he was not able to properly catalogue each and every call received, however below is a sampling of some of the automated calls Plaintiff received from Chase:

   i. October 24, 2018 at 8:57 AM, 10:28 AM, 12:48 PM and 2:46 PM

   ii. October 25, 2018 at 8:48 AM

   iii. October 26, 2018 at 8:56 AM, 10:28 AM, 12:57 PM, 2:56 PM and 6:12 PM

   iv. October 27, 2018 at 10:56 AM, 12:50 PM and 2:50 PM

   v. October 28, 2018 at 10:48 AM and 5:50 PM

   vi. October 29, 2018 at 8:58 AM, 12:59 PM, 3:18 PM and 6:14 PM

27. Chase has a corporate policy to use an automatic telephone dialing system or a pre-recorded or artificial voice to individuals just as it did to Plaintiff's cellular telephone in this case.

28. Chase has a corporate policy to use an automatic telephone dialing system or a pre-recorded or artificial voice just as it did to Plaintiff's cellular telephone in this case, with no way for the consumer, Plaintiff, or Chase, to remove the number.

29. Chase's corporate policy is structured so as to continue to call individuals like Plaintiff, despite these individuals explaining to Chase they wish for the calls to stop.

30. Chase has numerous other federal lawsuits pending against it alleging similar violations as stated in this Complaint.

31. Chase has numerous complaints across the country against it asserting that its automatic telephone dialing system continues to call despite requested to stop.

32. Chase has had numerous complaints from consumers across the country against it asking to not be called; however, Defendant continues to call the consumers.

33. Chase's corporate policy provided no means for Plaintiff to have his number removed from Defendant's call list.

34. Chase has a corporate policy to harass and abuse individuals despite actual knowledge the called parties do not wish to be called.

35. Not a single call placed by Chase to Plaintiff were placed for "emergency purposes" as specified in 47 U.S.C. § 227(b)(1)(A).

36. Chase willfully and/or knowingly violated the TCPA with respect to Plaintiff.

37. From each and every call placed without consent by Chase to Plaintiff's cell phone, Plaintiff suffered the injury of invasion of privacy and the intrusion upon his right of seclusion.

38. From each and every call without express consent placed by Chase to Plaintiff's cell phone, Plaintiff suffered the injury of occupation of his cellular telephone line and cellular phone by unwelcome calls, making the phone unavailable for legitimate callers or outgoing calls while the phone was ringing from Chase's calls.

39. From each and every call placed without express consent by Chase to Plaintiff's cell phone, Plaintiff suffered the injury of unnecessary expenditure of his time. For calls he answered, the time he spent on the call was unnecessary as he repeatedly asked for the calls to stop. Even for unanswered calls, Plaintiff had to waste time to unlock the phone and deal with missed call notifications and call logs that reflected the unwanted calls. This also impaired the usefulness of these features of Plaintiff's cellular phone, which are designed to inform the user of important missed communications.

40. Each and every call placed without express consent by Chase to Plaintiff's cell phone was an injury in the form of a nuisance and annoyance to Plaintiff. For calls that were answered, Plaintiff had to go to the unnecessary trouble of answering them. Even for unanswered calls, Plaintiff had to waste time to unlock the phone and deal with missed call notifications and call logs that reflected the unwanted calls. This also impaired the usefulness of these features of Plaintiff's cellular phone, which are designed to inform the user of important missed communications.

41. Each and every call placed without express consent by Chase to Plaintiff's cell phone resulted in the injury of unnecessary expenditure of Plaintiff's cell phone's battery power.

42. Each and every call placed without express consent by Chase to Plaintiff's cell phone where a voice message was left which occupied space in Plaintiff's phone or network.

43. Each and every call placed without express consent by Chase to Plaintiff's cell phone resulted in the injury of a trespass to Plaintiff's chattel, namely his cellular phone and his cellular phone services.

44. As a result of the calls described above, Plaintiff suffered an invasion of privacy. Plaintiff was also affect in a personal and individualized way by stress, anxiety, nervousness, embarrassment, distress and aggravation.

## COUNT I
### (Violation of the TCPA)

45. Plaintiff fully incorporates and realleges paragraphs one (1) through forty-four (44) as if fully set forth herein.

46. Chase willfully violated the TCPA with respect to Plaintiff, especially for each of the auto-dialer calls made to Plaintiff's cellular telephone after Plaintiff notified Chase that he wished for the calls to stop.

47. Chase repeatedly placed non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or prerecorded or artificial voice without Plaintiff's prior express consent in violation of federal law, including 47 U.S.C § 227(b)(1)(A)(iii).

**WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Chase for statutory damages, punitive damages, actual

damages, treble damages, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

## COUNT II
### (Violation of the FCCPA)

48. Plaintiff fully incorporates and realleges paragraphs one (1) through forty-four (44) as if fully set forth herein

49. At all times relevant to this action Chase is subject to and must abide by the laws of the State of Florida, including Florida Statute § 559.72.

50. Chase has violated Florida Statute § 559.72(7) by willfully communicating with the debtor or any member of his or her family with such frequency as can reasonably be expected to harass the debtor or his or her family.

51. Chase has violated Florida Statute § 559.72(7) by willfully engaging in other conduct which can reasonably be expected to abuse or harass the debtor or any member of his or her family.

52. Chase's actions have directly and proximately resulted in Plaintiff's prior and continuous sustaining of damages as described by Florida Statute § 559.77.

**WHEREFORE,** Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Chase for statutory damages, punitive damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

Respectfully submitted,

*/s/ Octavio Gomez*

Octavio "Tav" Gomez, Esquire
Morgan & Morgan, Tampa, P.A.
One Tampa City Center
201 N. Franklin St., 7th Floor
Tampa, FL 33602
Tele: (813) 223-5505
Fax: (813) 223-5402
TGomez@ForThePeople.com
Florida Bar #: 0338620
Attorney for Plaintiff